0734 A

10-3525

# United States Court of Appeals
## For the Seventh Circuit
### Chicago, Illinois, 60604

U.S.C.A.—7th Circuit
FILED
NOV 08 2010 LEJ
GINO J. AGNELLO
CLERK

| | |
|---|---|
| RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION<br><br>Appellants,<br><br>v.<br><br>CITY OF CHICAGO,<br><br>Appellee. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>Case No. 10-CV-5135<br><br>Virginia M. Kendall, Judge |

### F.R.App.P. 3(c)(1) DOCKETING STATEMENT

**THE PLAINTIFFS-APPELLANTS,** RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, pursuant to Seventh Circuit Rule 3(c)(1), submit the following Docketing Statement:

### DOCKETING STATEMENT

1. Plaintiffs-Appellants seek declaratory and injunctive relief barring enforcement of various ordinances of the City of Chicago as unconstitutional, in violation of U.S. Const. amends. I, II and XIV, and 42 U.S.C. § 1983. The District Court had jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

Plaintiff Second Amendment Foundation, Inc., is a non-profit corporation, organized under the laws of Washington with its principal place of business in Bellevue, Washington. Plaintiff Illinois State Rifle Association ("ISRA") is a non-profit

corporation, organized under the laws of Illinois with its principal place of business in Chatsworth, Illinois.

2. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1292(a)(1).

    i. The order sought to be reviewed was entered October 12, 2010.

    ii. There were no other orders tolling the time in which to appeal.

    iii. The notice of appeal was filed October 28, 2010.

3. In addition to the request for preliminary injunctive relief, Plaintiffs have requested permanent injunctive relief regarding the challenged ordinances on the same legal and factual grounds. This claim remains pending in the District Court and is currently the subject of an F.R.Civ.P. 12(b)(6) Motion to Dismiss.

However, "[u]nder 28 U.S.C. § 1292(a)(1), we [the Judges of the Seventh Circuit] have jurisdiction to hear appeals from "interlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions." The statute is "decently plain: all interlocutory orders denying injunctions are appealable." *Research Automation, Inc. v. Schrader-Bridgeport International, Inc.*, 368 Fed. Appx. 681, 683 (7th Cir., 2010) (citing *Holmes v. Fisher*, 854 F.2d 229, 231 (7th Cir. 1988); *See also Centurion Reinsurance Company v. Singer*, 810 F.2d 140, 143 (7th Cir. 1987) (Orders denying preliminary injunctions are ". . . expressly made appealable by 28 U.S.C. § 1292(a)(1) regardless of finality.").

These holdings apply to this appeal. The Order denying preliminary injunctive relief to Plaintiffs causes irreparable harm to Plaintiffs in the denial of their

Constitutional rights and freedoms.

Specifically, Plaintiffs' Complaint seeks preliminary and permanent injunctive relief against a recently-passed City ordinance banning firing ranges within the City limits, as well as related regulations which also effect said firing range ban, promulgated and enforced by the Defendant. Plaintiffs claim that the ban violates the Plaintiffs' constitutional rights to: train and practice the use of firearms (in violation of both the First and Second Amendments), and to possess firearms in one's home (in violation of the Second Amendment), since firing range training is mandatory in order to receive a required permit for home firearms possession under a separate section of the same City ordinance.

Following a two day evidentiary hearing, the District Court ruled that a ban on firing ranges does not violate either the Plaintiffs' First or Second Amendment rights, as applicable through the Fourteenth Amendment. The Court ruled that the firing range ban does not cause the Plaintiffs (or the Plaintiff organizations' members) irreparable harm, that Plaintiffs were unlikely to succeed on the merits in their request for a permanent injunction, and that Plaintiffs did not prove an inadequate remedy at law. Further, the Court ruled that the balance of harms favored the City, and that the firing range ban does not violate the Plaintiffs' First Amendment right to train with, or possess, firearms. The Court also ruled the Plaintiff organizations lacked standing. Therefore, the District Court denied Plaintiffs' request for a preliminary injunction. The Order effectively extinguishes Plaintiffs' claims, and there is no amendment Plaintiffs can make to their pleadings which would change that ruling. Plaintiffs claim that as a result they are irreparably harmed by the ongoing denial of their Constitutional rights and currently have

no other avenue to obtain relief from the District Court's Order foreclosing their requested relief other than this appeal.

Dated: November 4, 2010                                  Respectfully submitted,

Alan Gura (admitted *pro hac vice*)                     David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC                                   Law Firm of David G. Sigale, P.C.
101 N. Columbus Street, Suite 405                        Corporate West I
Alexandria, VA 22314                                     4300 Commerce Court, Suite 300-3
703.835.9085/Fax 703.997.7665                            Lisle, IL 60532
                                                         630.452.4547/Fax 630.596.4445
                                                         Counsel of Record

                                                         By: /s/ David G. Sigale
                                                         David G. Sigale
                                                         One of the Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I, David G. Sigale, Esq., pursuant to F.R.App.P. 25(d)(1)(B), certify that I mailed a copy of this F.R.App.P. 3(c)(1) Docketing Statement the Clerk of The United States Court of Appeals for the Seventh Circuit, and to Suzanne M. Loose, Esq., counsel for the Defendant-Appellee City of Chicago, at the following addresses:

Clerk of the Court
United States Court of Appeals for the Seventh Circuit
219 South Dearborn Street, Room 2722
Chicago, IL 60604

City of Chicago Department of Law
Appeals Division
30 North LaSalle Street, Suite 800
Chicago, IL 60602

on November 4, 2010, by U.S. Mail, postage prepaid, from Lisle, Illinois.

_____
David G. Sigale

Alan Gura (admitted *pro hac vice*)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

David G. Sigale (Atty. ID# 6238103)
Law Firm of David G. Sigale, P.C.
Corporate West I
4300 Commerce Court, Suite 300-3
Lisle, IL 60532
630.452.4547/Fax 630.596.4445
Counsel of Record